IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MID-WILLAMETTE VALLEY ) 
COMMUNITY ACTION AGENCY, INC., )
an Oregon non-profit corporation, )
                     )
         Plaintiff,         )     TC-MD 180106R
                     )
         v.                   )
                     )
MARION COUNTY ASSESSOR, )
                     )     **ORDER ON CROSS-MOTIONS FOR**
         Defendant.       )     **SUMMARY JUDGMENT**

## I.  INTRODUCTION

This matter is before the court on cross-motions for summary judgment.  The parties presented stipulated facts, memorandums in support of summary judgment, and waived oral argument.

## II.  FACTS

Plaintiff is a 501(c)(3) tax exempt organization that provides a number of social welfare programs.  On June 29, 2017, Plaintiff purchased real property identified by the assessor as account number R89375 (the "Property") for operation of a center providing services for the homeless.  (Stip Facts at 3.)  Based on the mid-year purchase, Plaintiff had 30 days to file an application for property tax exemption with Defendant.  Plaintiff did not file a timely application.  Defendant mailed a 2017-18 property tax statement for the Property to Plaintiff on October 12, 2017.

Plaintiff maintains a control system to prevent fraud by requiring checks to be authorized by the Chief Financial Officer (CFO) or the Controller and then "another senior financial department employee, the Accounts Payable Manager or Controller, must issue a positive

payment authorization * * *." (Stip Facts at 4.) The CFO signed an application of exemption for the Property on December 22, 2017. On December 24, 2017, the payment of the late fee for the exemption application was entered in the cash control account calendar for January 2, 2018. The entry was made by a finance office clerk at the direction of the Accounts Payable Manager. The Controller had arranged in advance to take scheduled time off on January 2, 2018. Plaintiff anticipated that the CFO would be in the office on January 2, 2018, to effectuate the payment for the late property tax exemption fee.

In December 2017, the CFO experienced a significant medical condition that caused her to miss work, seek medical attention, and visit the emergency room. The CFO was unexpectedly away from the office due to her medical condition beginning December 15, 2017, and was out of the office on December 18, 19, and 20. The CFO was in the office on December 21 and briefly on the 22nd and 28th, and then out again through January 4, 2018. On December 22, 2017, the CFO was advised that she needed surgery within the next three weeks and that a two-week recovery period would be required.

Neither the CFO nor the Controller was in the office on January 2, 2018, when the payment of the late application fee was scheduled to be authorized and a check processed. The Controller was out of the office on January 2, 2018, but returned to the office on January 3, 2018, and made positive payment authorization for the check for the late application fee. The check was processed on January 3, 2018, and submitted to Defendant with the application. The parties agree that if Plaintiff's application for exemption had been filed on or before January 2, 2018, it would have been granted.

/ / /

/ / /

The parties have framed the issue to focus solely on whether Plaintiff had "good and sufficient cause" for filing its application for a property tax exemption late. Plaintiff asserts that its CFO's illness just prior to and after the late application deadline constitutes good and sufficient cause for its late filing. Defendant asserts that, because Plaintiff had from July 2017 to January 2, 2018, to file for a property tax exemption, the events in December 2017 do not constitute good and sufficient cause.

The court starts with the general principle that "[t]axation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev*., 301 Or 423, 426, 723 P2d 320 (1986) (citation omitted). Exemption from property taxes is not automatic; a qualified entity must file an application with the county assessor. ORS 307.162.[1] When a property is "acquired after March 1 and before July 1, the [exemption] claim for that year must be filed within 30 days from the date of acquisition * * *." ORS 307.162(1)(c). Because Plaintiff acquired the property on June 29, 2017, the deadline to file an exemption claim was July 31, 2017.[2] Plaintiff did not file the exemption claim by that date.

An entity that misses the deadline can still obtain an exemption if it submits an application with a late filing fee by December 31. ORS 307.162(2)(a)(A). Because December 31, 2017 was a Saturday the deadline was extended to the next business day or January 2, 2018. Plaintiff's exemption application was not filed until January 3, 2018.

An entity that misses the end of calendar year deadline can still obtain an exemption if an application is filed on or before April 1 of the tax year, with a late fee, and the entity can

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[2] The 30-day limit falls on a Saturday and is extended to the next business day. ORS 305.820(2).

demonstrate "good and sufficient cause" for filing late.  ORS 307.162(2)(a)(B).  This case turns on whether Plaintiff's circumstances represent a "good and sufficient cause."  That term is defined by statute to mean:

> "(A) [ ] an extraordinary circumstance beyond the control of the taxpayer or the taxpayer's agent or representative that causes the failure to file a timely claim.
> (B) "Good and sufficient cause" does not include hardship, reliance on misleading information unless the information is provided by an authorized tax official in the course of the official's duties, lack of knowledge, oversight or inadvertence."

ORS 307.162(4)(a).

"Good and sufficient cause" is not further defined by the statute, however, Plaintiff urges the court to rely on former OAR 150-307.475(2) (now 150-307-0500(2)), associated with ORS 307.475, which defines the term, in pertinent part, as follows:

> "Good and sufficient cause" is an extraordinary circumstance beyond the control of the taxpayer or the taxpayer's agent or representative that causes the taxpayer to file a late application for an exemption, cancellation of tax, or redetermination of value pursuant to ORS 308.146(6) with the assessor or local governing body.
> (a) Extraordinary circumstances include, but are not limited to:
> (A) Illness, absence, or disability that substantially impairs a taxpayer's ability to make a timely application. The substantial impairment must have existed prior to the filing deadline, and must have been of such a nature that a reasonable and prudent taxpayer could not have been expected to conform to the deadline."

OAR 150-307-0500(2).

Plaintiff argues that it meets the above definition because it scheduled payment for January 2, 2018, and was unable to make that payment because the CFO and Controller were unavailable that day; the CFO due to illness and the Controller due to prior arrangements.  The problem with Plaintiff's argument is that the administrative rule cited above requires the impairment to have existed prior to the filing deadline.  The deadline for a timely application was July 31, 2017.  The CFO's illness was not before the filing date and neither was the Controller's scheduled time off.  Plaintiff's decision to schedule issuance of its late payment check makes

other events irrelevant. Following Plaintiff's logic, the only important date for evaluating the situation is January 2, 2018. That reductionist view substantially eviscerates the rule. The court must look at the circumstances as a whole to determine good and sufficient cause. Plaintiff had five months to file their late claim and two and one-half months after Defendant mailed a property tax statement for the Property. Scheduling the payment to occur on the last possible day created the emergency for which Plaintiff now seeks relief. Plaintiff has failed to show that the CFO could not have issued the payment authorization when she was in the office in late December 2017, or that the Controller's prior arrangements could not have been changed due to the CFO's health condition. The court finds that Plaintiff has not demonstrated good and sufficient cause for filing its exemption claim late. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the court will issue a Decision in this matter after running of the time periods in Tax Court Rule-Magistrate Division TCR-MD 16.

Dated this ____ day of February 2019.


_____
RICHARD DAVIS
MAGISTRATE


*This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.*

*This document was signed by Magistrate Davis and entered on February 8, 2019.*